**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6708**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANNY L. BLACKMON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:03-cr-00077-BO-1; 7:07-cv-00126-F)

Submitted:  September 18, 2018                    Decided:  September 21, 2018

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Danny L. Blackmon, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny L. Blackmon appeals the district court's order dismissing his Fed. R. Civ. P. 60(b) motion and denying his motions for copies of documents and transcripts at Government expense and to compel discovery. The district court properly characterized the Rule 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion and dismissed it without prejudice for lack of jurisdiction. Accordingly, we affirm the district court's order. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015) (holding certificate of appealability unnecessary where district court dismisses Rule 60(b) motion as unauthorized successive habeas motion).

Additionally, we construe Blackmon's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Blackmon's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

With respect to the district court's denial of Blackmon's other motions, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Blackmon*, Nos. 7:03-cr-00077-BO-1, 7:07-

2

cv-00126-F (E.D.N.C. June 1, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*